# UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA

In re:  Karen L Wright

                                                Chapter 13

Debtor(s).                              Case No. 19-61430

## AMENDED CHAPTER 13 PLAN COVER SHEET AND NOTICE OF HEARING

The attached plan is an amended plan that replaces the ☐confirmed or ☒ unconfirmed plan dated **July 18, 2019.**

The Court shall hold a hearing on confirmation of the attached plan and any timely filed objections on **Wednesday, October 23, 2019, at 9:30 am, at U.S. Courthouse, Room 210, 1101 Court St., Lynchburg, VA 24504.**

The following describes the section(s) of the plan being amended, the change in treatment, the affected creditor(s), and the impact of the change:

| Section of Plan | Change in Treatment | Creditor | Impact of Change |
| --- | --- | --- | --- |
| 3.1 | To provide for the correct amount of mortgage arrears to be paid by the chapter 13 Trustee and for the chapter 13 Trustee to make monthly mortgage payments | Wells Fargo | None |
| 3.2 | To add the secured property of a sectional sofa and provide the treatment as a cramdown | Progressive Leasing, | Chapter 13 Trustee to make payments to creditor |
| 3.5 | To surrender the 2007 Nissan Maxima financed with Credit Acceptance Corp. and also surrender the 2009 Nissan Altima financed with Mid Atlantic Finance Co. | Credit Acceptance Corp & Mid Atlantic Finance Co | None |
| 8.1 | To provide language for mortgage payments being paid by the chapter 13 Trustee | Wells Fargo | None |

                                                /s/ Stephen E. Dunn
                                                /s/ Michelle J. Dunn
                                                Counsel for Debtor(s)

Fill in this information to identify your case:

| | | | |
|---|---|---|---|
| Debtor 1 | **Karen L Wright** | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the: **WESTERN DISTRICT OF VIRGINIA**

Case number: **19-61430**
(If known)

☑ Check if this is an amended plan, and list below the sections of the plan that have been changed.
3.1, 3.2, 3.5 & 8.1

Official Form 113

# Chapter 13 Plan

12/17

## Part 1: Notices

**To Debtor(s):** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies*

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**
You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you may need to file a timely proof of claim in order to be paid under any plan.

The following matters may be of particular importance. *Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.*

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | ☑ Included | ☐ Not Included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4. | ☐ Included | ☑ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 8. | ☑ Included | ☐ Not Included |

## Part 2: Plan Payments and Length of Plan

2.1     Debtor(s) will make regular payments to the trustee as follows:

**$340.38** per **Week** for **60** months

*Insert additional lines if needed.*

If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

2.2     **Regular payments to the trustee will be made from future income in the following manner.**

*Check all that apply:*
☑     Debtor(s) will make payments pursuant to a payroll deduction order.
☐     Debtor(s) will make payments directly to the trustee.
☐     Other (specify method of payment):

**2.3 Income tax refunds.**
*Check one.*
☑     Debtor(s) will retain any income tax refunds received during the plan term.

| Debtor | **Karen L Wright** | Case number | **19-61430** |
|---|---|---|---|

☐ Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all income tax refunds received during the plan term.

☐ Debtor(s) will treat income refunds as follows:

**2.4 Additional payments.**
*Check one.*

☐ **None.** If "None" is checked, the rest of § 2.4 need not be completed or reproduced.

☑ Debtor(s) will make additional payment(s) to the trustee from other sources, as specified below. Describe the source, estimated amount, and date of each anticipated payment.
**The Debtor has $4,496.90 being held by the Chapter 13 Trustee from her prior Chapter 13 case 17-61467 and those remaining funds should be transferred as a lump sum to this case.**

**$4,496.90 lumpsum payment in month 1**

2.5  The total amount of estimated payments to the trustee provided for in §§ 2.1 and 2.4 is $<u>86,996.90</u>.

### Part 3: Treatment of Secured Claims

**3.1  Maintenance of payments and cure of default, if any.**

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*
☑ The debtor(s) will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed either by the trustee or directly by the debtor(s), as specified below. Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee, with interest, if any, at the rate stated. Unless otherwise ordered by the court, the amounts listed on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) control over any contrary amounts listed below as to the current installment payment and arrearage. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling. If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless otherwise ordered by the court, all payments under this paragraph as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Name of Creditor | Collateral | Current installment payment (including escrow) | Amount of arrearage (if any) | Interest rate on arrearage (if applicable) | Monthly payment on arrearage | Estimated total payments by trustee |
|---|---|---|---|---|---|---|
| **Secretary of Housing & Urban Develo** | **1260 Greenhouse Rd Rustburg, VA 24588  Campbell County** | **$0.00**<br>Disbursed by:<br>☐ Trustee<br>☑ Debtor(s) | Prepetition:<br>**$0.00** | **0.00%** | **pro-rata** | **$0.00** |

| Debtor | Karen L Wright | | | | | Case number | | 19-61430 | | |
|---|---|---|---|---|---|---|---|---|---|---|

| Name of creditor | Estimated amount of creditor's total claim | Collateral | Value of collateral | Amount of claims senior to creditor's claim | Amount of secured claim | Interest rate | Monthly payment to creditor | Estimated total of monthly payments |
|---|---|---|---|---|---|---|---|---|
| Wells Fargo | 1260 Greenhouse Rd Rustburg, VA 24588 Campbell County | | $891.85 per month beginning November 2019<br>Disbursed by:<br>[✓] Trustee<br>[ ] Debtor(s) | | $15,317.97-$12,467.97 for pre-petition arrears; $2,850.00 for gap payments for the months of August 2019, September 2019 and October 2019 | 0.00% | pro-rata | $68,828.97 |

*Insert additional claims as needed.*

**3.2** **Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.** *Check one.*

[ ] **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*
***The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.***

[✓] The debtor(s) request that the court determine the value of the secured claims listed below. For each non-governmental secured claim listed below, the debtor(s) state that the value of the secured claim should be as set out in the column headed *Amount of secured claim*. For secured claims of governmental units, unless otherwise ordered by the court, the value of a secured claim listed in a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed below. For each listed claim, the value of the secured claim will be paid in full with interest at the rate stated below.

The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan. If the amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5 of this plan. Unless otherwise ordered by the court, the amount of the creditor's total claim listed on the proof of claim controls over any contrary amounts listed in this paragraph.

The holder of any claim listed below as having value in the column headed *Amount of secured claim* will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of:

(a) payment of the underlying debt determined under nonbankruptcy law, or

(b) discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

| Name of creditor | Estimated amount of creditor's total claim | Collateral | Value of collateral | Amount of claims senior to creditor's claim | Amount of secured claim | Interest rate | Monthly payment to creditor | Estimated total of monthly payments |
|---|---|---|---|---|---|---|---|---|

| Debtor | Karen L Wright | | | | | Case number | 19-61430 | |

| Name of creditor | Estimated amount of creditor's total claim | Collateral | Value of collateral | Amount of claims senior to creditor's claim | Amount of secured claim | Interest rate | Monthly payment to creditor | Estimated total of monthly payments |
|---|---|---|---|---|---|---|---|---|
| Progressiv Leasing, LLC | $1,186.66 | Sectional sofa | $508.83 | $0.00 | $508.83 | 5.50% | AP payment of $5.00 for 9 months and then the regular payments of $22.44 for 24 months to be paid by the chapter 13 Trustee | $583.56 |

*Insert additional claims as needed.*

**3.3    Secured claims excluded from 11 U.S.C. § 506.**

*Check one.*

☐    **None**. *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*
☑    The claims listed below were either:

(1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or

(2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.

These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed either by the trustee or directly by the debtor(s), as specified below. Unless otherwise ordered by the court, the claim amount stated on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) controls over any contrary amount listed below. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Name of Creditor | Collateral | Amount of claim | Interest rate | Monthly plan payment | Estimated total payments by trustee |
|---|---|---|---|---|---|
| Orthopaedic Center of Central VA | 1260 Greenhouse Rd Rustburg, VA 24588 Campbell County CTA $193,300.00 | $544.00 | 5.50% | payments of $12.20 for 50 months to begin 9 months after confirmation date<br>Disbursed by:<br>☑ Trustee<br>☐ Debtor(s) | $610.00 |

*Insert additional claims as needed.*

**3.4    Lien avoidance.**

*Check one.*

☑    **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

**3.5    Surrender of collateral.**

Official Form 113 **Chapter 13 Plan** Page 4

| Debtor | **Karen L Wright** | Case number | **19-61430** |
|---|---|---|---|

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

☑ The debtor(s) elect to surrender to each creditor listed below the collateral that secures the creditor's claim. The debtor(s) request that upon confirmation of this plan the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under § 1301 be terminated in all respects. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 5 below.

| **Name of Creditor** | **Collateral** |
|---|---|
| **Credit Acceptance Corporation c/o** | **2007 Nissan Maxima 200,000 miles** |
| **Mid Atlantic Finance Co** | **2009 Nissan Altima** |

*Insert additional claims as needed.*

## Part 4: Treatment of Fees and Priority Claims

**4.1** **General**

Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

**4.2** **Trustee's fees**

Trustee's fees are governed by statute and may change during the course of the case but are estimated to be **8.00**% of plan payments; and during the plan term, they are estimated to total $**6,959.75**.

**4.3** **Attorney's fees.**

The balance of the fees owed to the attorney for the debtor(s) is estimated to be $**4,056.85**.

**4.4** **Priority claims other than attorney's fees and those treated in § 4.5.**

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

☑ The debtor(s) estimate the total amount of other priority claims to be **$3.00**

**4.5** **Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

## Part 5: Treatment of Nonpriority Unsecured Claims

**5.1** **Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. If more than one option is checked, the option providing the largest payment will be effective. *Check all that apply.*

☐ The sum of $ ___ .

☑ ___**24**___ % of the total amount of these claims, an estimated payment of $__**5,957.00**__ .

☑ The funds remaining after disbursements have been made to all other creditors provided for in this plan.

If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately $__**0.00**__ . Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least this amount.

**5.2** **Maintenance of payments and cure of any default on nonpriority unsecured claims.** *Check one.*

☐ **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

☑ The debtor(s) will maintain the contractual installment payments and cure any default in payments on the unsecured claims listed below on which the last payment is due after the final plan payment. These payments will be disbursed either by the trustee or directly by the debtor(s), as specified below. The claim for the arrearage amount will be paid in full as specified below and

Debtor **Karen L Wright** Case number **19-61430**

disbursed by the trustee. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Name of Creditor | Current installment payment | Amount of arrearage to be paid | Estimated total payments by trustee |
|---|---|---|---|
| **Campbell Circuit Court** | $25.00<br>Disbursed by:<br>☐ Trustee<br>☑ Debtor(s) | $0.00 | $0.00 |

*Insert additional claims as needed.*

**5.3** **Other separately classified nonpriority unsecured claims.** *Check one.*

☑  **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

### Part 6:   Executory Contracts and Unexpired Leases

**6.1** **The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.** *Check one.*

☑  **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

### Part 7:   Vesting of Property of the Estate

**7.1** **Property of the estate will vest in the debtor(s) upon**
*Check the appliable box:*
☑  plan confirmation.
☐  entry of discharge.
☐  other: _____

### Part 8:   Nonstandard Plan Provisions

**8.1** **Check "None" or List Nonstandard Plan Provisions**
☐  **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Official Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.

*The following plan provisions will be effective only if there is a check in the box "Included" in § 1.3.*
**(a). Additional Adequate Protection:**
**Adequate Protection also consists of the following in this case:**

**Unless otherwise provided herein, the monthly payment amounts listed in Parts 3.2 and 3.3 of the this Chapter 13 Plan will be paid as adequate protection beginning prior to confirmation to the holders of allowed secured claims.**

**Insurance will be maintained on all vehicles securing claims to be paid by the Trustee.**

**(b). Attorneys Fees**

**Attorneys Fees noted in Part 4.3 shall be approved on the confirmation date unless previously objected to. Said allowed fees shall be paid by the Trustee prior to the commencement of payments required to be made by the Trustee under Part 3, 4, 5 and 6 herein, except adequate protection payments, ongoing mortgage payments or regular payments to be paid by the Trustee**

**(c). Date Debtors to resume regular direct payments to Creditors that are being paid arrearages by the trustee under Part 3.1).**

| **Creditor** | **Month Debtor to resume regular direct payments** |
|---|---|
| _____ | _____ |

| | | | |
|---|---|---|---|
| Debtor | Karen L Wright | Case number | 19-61430 |

**########ATTENTION ALL SECURED CREDITORS LISTED IN PART 3.1  ######:**
**PLEASE TAKE NOTICE THAT THE DEBTOR INTENDS TO CONTINUE TO MAKE REGULAR PAYMENTS ON YOUR SECURED DEBT.  ACCORDINGLY, YOU, THE SECURED CREDITOR REFERENCED ABOVE IN PART 3.1 , SHALL SEND MONTHLY MORTGAGE/AUTOMOBILE STATEMENTS CONSISTENT WITH YOUR PREPETITION PRACTICE.  SENDING SUCH STATEMENTS SHALL NOT BE CONSIDERED BY THE DEBTORS TO BE A VIOLATION OF THE AUTOMATIC STAY.**

**************** ATTENTION, CREDITORS LISTED IN PART 3.5.***************
**THE PROPERTY SECURED BY YOUR LOAN IS BEING SURRENDERED. A DEFICIENCY CLAIM MUST BE FILED WITHIN 180 DAYS OF CONFIRMATION OR THE ENTRY OF AN ORDER LIFTING THE STAY, WHICHEVER OCCURS FIRST. IF A DEFICIENCY CLAIM HAS NOT BEEN FILED WITHIN THIS TIME PERIOD, YOUR DEFICIENCY CLAIM WILL BE DISALLOWED. IF YOU FILE A DEFICIENCY CLAIM, YOU MUST ALSO PROVIDE PROOF THAT THE PROPERTY SURRENDERED WAS LIQUIDATED IN ACCORDANCE WITH STATE LAW.**

___

**Pursuant to Part 3.1, the Trustee shall pay (creditor) Wells Fargo the designated post-petition mortgage payments through the plan. These mortgage payments shall be classified and paid as follows:**

**Pre-petition Arrears: The prepetition arrears are $12,467.97**

**GAP Payments: The first three post-petition mortgage payments shall be disbursed pro-rata by the Trustee as post-petition arrears, including late fees, in the approximate amount of $2,850.00, for the months of August 2019, September 2019 and October 2019.**

**Other Post-petition Arrears: The following additional post-petition default shall be cured and disbursed by the Trustee, approximately $0.00, for the months of _N/A_ through and including _N/A_.**

**Ongoing Payments: The regular post-petition mortgage payments shall be disbursed by the Trustee beginning with the mortgage payment due for the month of November 2019, and continuing for approximately 59 months; the total number of such payments to be made by the Trustee will usually equal the number of monthly plan payments being made by the Debtor(s) to the Trustee, unless the plan pays off early.**

**Disbursement of ongoing post-petition mortgage payments from the Chapter 13 Trustee may not begin until an allowed claim on behalf of the mortgagee has been filed. At the completion of the term of the plan, it is predicted that the Debtor(s) shall resume monthly mortgage payments directly pursuant to the terms of the mortgage contract beginning with the payment due in September, 2024**

**Treatment and Payment of Claims.**
• **All creditors must timely file a proof of claim to receive payment from the Trustee.**
• **If a claim is scheduled as unsecured and the creditor files a claim alleging the claim is secured but does not timely object to confirmation of the Plan, the creditor may be treated as unsecured for purposes of distribution under the Plan.  This paragraph does not limit the right of the creditor to enforce its lien, to the extent not avoided or provided for in this case, after the debtor(s) receive a discharge.**
• **If a claim is listed in the plan as secured and the creditor files a proof of claim alleging the claim is unsecured, the creditor will be treated as unsecured for purposes of distribution under the Plan.**
• **The Trustee may adjust the monthly disbursement amount as needed to pay an allowed secured claim in full.**

***ATTN:STUDENT LOAN PROVIDERS/SERVICERS. Attn: Fed Loan Servicing, ECMC, Navient, Department of Education and any other parties holding Government guaranteed student loans:**
**The Debtor is not seeking nor does this Plan provide for any discharge, in whole or in part of her student loan obligations. The Debtor shall be allowed to seek enrollment, or to maintain any pre-petition enrollment, in any applicable income-driven repayment ("IDR") plan with the U.S. Department of Education and/or other student loan servicers, guarantors, etc. (Collectively referred to hereafter as "Ed"), including but not limited to the Public Service Loan Forgiveness program, without disqualification due to her bankruptcy. Any direct payments made from the Debtor to Ed since the filing of her petition shall be applied to any IDR plan in which the Debtor was enrolled pre-petition, including but not limited to the Public Service Loan Forgiveness program. Ed shall not be required to allow enrollment in any IDR unless the Debtor otherwise qualifies for such plan.   During the pendency of any application by the Debtor to consolidate her student loans, to enroll in an IDR, direct payment of her student loans under an IDR, or during the pendency of any default in payment of the student loans under an IDR, it shall not be a violation of the stay or other State or Federal Laws for Ed to send the Debtor normal monthly statements regarding payments due and other communications including, without limitation, notices of late payments or delinquency. These communications may expressly include telephone calls and e-mails.**

| Debtor | **Karen L Wright** | Case number | **19-61430** |
|---|---|---|---|

| Part 9: | **Signature(s):** |
|---|---|

**9.1    Signatures of Debtor(s) and Debtor(s)' Attorney**

*If the Debtor(s) do not have an attorney, the Debtor(s) must sign below, otherwise the Debtor(s) signatures are optional. The attorney for Debtor(s), if any, must sign below.*

X    **/s/ Karen L Wright**                             X    _____
    **Karen L Wright**                                              Signature of Debtor 2
    Signature of Debtor 1

    Executed on    **September 16, 2019**              Executed on    _____

X    **/s/ Stephen E. Dunn**                          Date    **September 16, 2019**
    **Stephen E. Dunn 26355**
    Signature of Attorney for Debtor(s)

**By filing this document, the Debtor(s), if not represented by an attorney, or the Attorney for Debtor(s) also certify(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in Official Form 113, other than any nonstandard provisions included in Part 8.**

| Debtor | **Karen L Wright** | Case number | **19-61430** |
|---|---|---|---|

## Exhibit: Total Amount of Estimated Trustee Payments

The following are the estimated payments that the plan requires the trustee to disburse. If there is any difference between the amounts set out below and the actual plan terms, the plan terms control.

| | | |
|---|---|---:|
| a. | **Maintenance and cure payments on secured claims** *(Part 3, Section 3.1 total)* | **$68,828.97** |
| b. | **Modified secured claims** *(Part 3, Section 3.2 total)* | **$538.49** |
| c. | **Secured claims excluded from 11 U.S.C. § 506** *(Part 3, Section 3.3 total)* | **$609.97** |
| d. | **Judicial liens or security interests partially avoided** *(Part 3, Section 3.4 total)* | **$0.00** |
| e. | **Fees and priority claims** *(Part 4 total)* | **$11,019.60** |
| f. | **Nonpriority unsecured claims** *(Part 5, Section 5.1, highest stated amount)* | **$5,999.87** |
| g. | **Maintenance and cure payments on unsecured claims** *(Part 5, Section 5.2 total)* | **$0.00** |
| h. | **Separately classified unsecured claims** *(Part 5, Section 5.3 total)* | **$0.00** |
| i. | **Trustee payments on executory contracts and unexpired leases** *(Part 6, Section 6.1 total)* | **$0.00** |
| j. | **Nonstandard payments** *(Part 8, total)*                                    + | **$0.00** |
| | **Total of lines a through j** | **$86,996.90** |

ATTMOBILITY II LLC
ONE ATTWAY, ROOM 3A 231
BEDMINSTER, NJ 07921

JDMARK COOK ESQ
FOR BEE LINE TRANSPORT, INC.
PO BOX 15029
LYNCHBURG, VA 24502

RAYMOND WRIGHT
1150-A LONG MEADOWS DR
LYNCHBURG, VA 24502

BEE LINE TRANSPORT, INC.
155 AIRPARK DR
LYNCHBURG, VA 24502

LENDMARK FINANCIAL SERVICES
2118 USHER STREET NW
COVINGTON, GA 30014

SCA CREDIT SERVICES
1502 WILLIAMSON ROAD
ROANOKE, VA 24012

CAMPBELL CIRCUIT COURT
PO BOX 7
732 VILLAGE HIGHWAY
RUSTBURG, VA 24588

LOCKAWAY STORAGE
6923 WEST LOOP 1604 NORTH
SAN ANTONIO, TX 78254

SECRETARY OF HOUSING & URD
C/O BEN CARSON, SECRETARY
451 7TH STREET SW
WASHINGTON, DC 20410

CASH NET USA
175 W. JACKSON BLVD
SUITE 1000
CHICAGO, IL 60604

MEDICAL DATA SYSTEMS
2001 9TH AVE
SUITE 312
VERO BEACH, FL 32960

SIMPLY SELF STORAGE
22195 TIMBERLAKE RD
LYNCHBURG, VA 24502

CREDIT ACCEPTANCE CORP
25505 W. TWELVE MILE RD
SUITE 3000
SOUTHFIELD, MI 48034

MID AMERICA BANK & TRUST
5109 S BROADBAND LN
SIOUX FALLS, SD 57108

UNITED STATES OF AMERICA
CLERK, US BANKRUPTCY COURT
210 CHURCH STREET, SW
ROANOKE, VA 24010

CREDIT ACCEPTANCE CORPORATION
REG AGENT: CORPORATION SERVICE CO
100 SHOCKOE SLIP, 2ND FLR
RICHMOND, VA 23219

MID ATLANTIC FINANCE CO
4592 ULMERTON RD
CLEARWATER, FL 33762

VIRGINIA DEPARTMENT OF TAXA
PO BOX 2156
RICHMOND, VA 23219

CREDIT ONE BANK
PO BOX 98873
LAS VEGAS, NV 89193

NPRTO SOUTH EAST, LLC
256 WEST DATA DRIVE
DRAPER, UT 84020

WELLS FARGO
C/O TIMOTHY SLOAN, CEO
420 MONTGOMERY ST
SAN FRANCISCO, CA 94163

CVCC
3506 WARDS ROAD
LYNCHBURG, VA 24502

ORTHOPAEDIC CENTER OF CENTRAL VA
C/O REG AGENT: WILLIAM HUNTER, JR.
6610 EVERETT RD
FOREST, VA 24551

WELLS FARGO BANK NA
ONE HOME CAMPUS
DES MOINES, IA 50328

FOCUSED RECOVERY SOLUTIONS
9701 METROPOLITAN COURT, SUITE B
RICHMOND, VA 23236

PERMIER BANK CARD - JEFFERSON CAP
PO BOX 7999
SAINT CLOUD, MN 56302

WOODFOREST NATIONAL BANK
197 MADISON HEIGHTS SQ
MADISON HEIGHTS, VA 24572

INTERNAL REVENUE SERVICE
PO BOX 7346
PHILADELPHIA, PA 19101-7346

PROGRESSIVE LEASING, LLC
C/O RYAN WOODLEY, CEO
256 W. DATA DR
DRAPER, UT 84020

# UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA

**In re:  Karen L Wright**

**Chapter 13**

**Case No. 19-61430**

**Debtor(s)**

## CERTIFICATION OF MAILING AND/OR SERVICE OF CHAPTER 13 PLAN

I certify that a true and correct copy of the chapter 13 plan or the amended chapter 13 plan and amended plan cover sheet, filed electronically with the Court on **September 16, 2019**, has been mailed by first class mail postage prepaid to all creditors, equity security holders, and other parties in interest, including the United States Trustee, on **September 17, 2019**.

If the plan contains (i) a request under section 522(f) to avoid a lien or other transfer of property exempt under the Code or (ii) a request to determine the amount of a secured claim, the plan must be served on the affected creditors in the manner provided by Rule 7004 for service of a summons and complaint.  I certify that a true and correct copy of the chapter 13 plan has been served on the following parties pursuant to Rule 7004:

| **Name** | **Address** | **Method of Service** |
|---|---|---|
| Progressive Leasing, LLC | Progressive Leasing, LLC<br>c/o Ryan Woodley, CEO<br>256 W. Data Dr<br>Draper UT 84020 | Certified Mail |

/s/ Stephen E. Dunn
/s/ Michelle J. Dunn
Counsel for Debtor(s)